Hugh McCullough, WSBA No. 41453
Jordan Clark, WSBA No. 49659
Davis Wright Tremaine LLP
1201 Third Avenue, Suite 2200
Seattle, Washington 98101-3045
206.757.8189 (telephone)
206.757.7189 (fax)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RED LION HOTELS FRANCHISING, INC., <br><br> Plaintiff, <br><br> v. <br><br> CENTURY-OMAHA LAND, LLC; and EDWIN W. LESLIE, <br><br> Defendants. | No. <br><br> **COMPLAINT** |

Red Lion Hotels Franchising, Inc. makes the following complaint against Century-Omaha Land, LLC, and Edwin W. Leslie.

**PARTIES**

1. Plaintiff Red Lion Hotels Franchising, Inc. ("Red Lion") is a Washington corporation with its principal place of business in Spokane, Washington.

COMPLAINT - 1

2. Defendant Century-Omaha Land, LLC ("Century-Omaha") is a limited-liability company organized under the laws of South Dakota whose two members are citizens of South Dakota.

3. Defendant Edwin W. Leslie ("Leslie") is a citizen of Nebraska.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000, exclusive of interest and costs, Red Lion is a Washington corporation with its principal place of business in Spokane, Leslie is a citizen of Nebraska, and Century-Omaha is a citizen of South Dakota.

5. This Court also has jurisdiction over this action pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331 and 1367.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because Red Lion signed the contracts at issue in this district, and the contracts state that the state and federal courts in and of Spokane, Washington will be the exclusive venues for any dispute between the parties.

7. This Court has personal jurisdiction over each Defendant because the Defendants entered into transactions with a business located within the bounds of this Court, each Defendant consented to this Court's jurisdiction, and each Defendant will be served with process.

COMPLAINT - 2

# FACTS

## A. Franchise License Agreement

8. On October 31, 2016, Red Lion and Century-Omaha entered into a Franchise License Agreement (as amended, the "Franchise License Agreement"). Red Lion and Century-Omaha amended the Franchise License Agreement on March 2, 2017.

9. Under the Franchise License Agreement, Red Lion granted Century-Omaha the limited right to use Red Lion's intellectual property in connection with the operation of a hotel located in Omaha, Nebraska (the "Hotel").

10. In exchange for this right and other consideration given, Century-Omaha agreed to pay certain affiliation, franchise, royalty, program, and reservation fees, including those identified in Section 7 of the Franchise License Agreement. Century-Omaha agreed to pay Red Lion's attorney's fees should Red Lion hire legal counsel to collect any amounts due under the agreement.

11. The Franchise License Agreement gave Red Lion the right to terminate Century-Omaha's rights if Century-Omaha failed to pay its debts under the Franchise License Agreement. In the event of termination, Century-Omaha would be required to immediately pay Red Lion all outstanding debts, together with liquidated damages. Following termination, Century-Omaha would also be required to immediately de-identify itself as a Red Lion franchise by removing all Red Lion proprietary marks (the "Marks") from the property.

COMPLAINT - 3

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

12. Any enforcement action involving Red Lion's Marks under the Franchise License Agreement is within the exclusive jurisdiction of the state and federal courts in Spokane County, Washington.

### B. Leslie's Personal Guarantee of the Franchise License Agreement

13. On October 31, 2016, Red Lion and Leslie entered into an agreement whereby Leslie personally guaranteed Century-Omaha's performance under the Franchise License Agreement ("FLA Guarantee"). Leslie reaffirmed his obligations under the FLA Guarantee on February 28, 2017.

14. The FLA Guarantee states that Leslie will be liable for the payment and performance of all obligations under the Franchise License Agreement.

15. The FLA Guarantee specifies that any enforcement action under the guarantee will be governed by the laws of Washington and that Leslie submits to the exclusive jurisdiction of the federal and state courts in Spokane County, Washington. Leslie also waived any objection to venue in this Court.

### C. PIP Financing Agreement

16. Red Lion and Century-Omaha are parties to a Property Improvement Plan Financing Agreement dated October 26, 2016 (the "PIP Financing Agreement").

17. Under the PIP Financing Agreement, Century-Omaha agreed to use $750,000 loaned to it by Red Lion for the purpose of making certain specified improvements.

COMPLAINT - 4

18. Century-Omaha's obligations under the PIP Promissory Note are secured by a Deed of Trust, Assignment of Rents and Security Agreement dated October 25, 2016, for real and personal property in Omaha, Nebraska, described as "Lot 1, Lawnfield Replat No. 4, an administrative subdivision in the City of Omaha, in Douglas County, Nebraska."

19. As evidence of its obligation to repay the loan, with interest, Century-Omaha executed a Promissory Note dated November 1, 2016 (the "PIP Promissory Note"), with an original maturity of April 30, 2017.

20. Upon default, interest began to accrue under the PIP Promissory Note at the rate of 12 percent per annum.

21. Century-Omaha has defaulted in its obligations under the PIP Promissory Note by failing to make payment as and when required.

**D.    Key Money Promissory Note**

22. On November 15, 2016, Century-Omaha executed and delivered to Red Lion a Key Money Promissory Note (the "Key Money Note") in the original principal amount of $175,000.00. The loan under the Key Money Note amortized over 10 years beginning on October 31, 2016. Red Lion ultimately funded $169,833.46 of the Key Money Note. The Key Money Note was amended on March 2, 2017, to provide for an additional principal loan of $175,000, although Red Lion did not end up advancing the additional loan.

23. If either party terminated the Franchise License Agreement, Century-Omaha was required to pay Red Lion the principal balance plus interest at the

COMPLAINT - 5

higher of 18 percent per annum and the maximum rate permissible under applicable law.

24. The Key Money Note requires Century-Omaha to pay Red Lion's attorney's fees and other costs and expenses incurred in collecting or enforcing the Key Money Note.

25. The Key Money Note held that any enforcement action would be governed by the laws of Washington and that the federal or state courts in Washington would have exclusive jurisdiction over that action.

**E.    Hotel Improvement Financing and Security Agreement**

26. On October 31, 2016, Red Lion and Century-Omaha executed the Hotel Improvement Financing and Security Agreement (as amended, the "Financing Agreement"). On March 2, 2017, Red Lion and Century-Omaha amended the Financing Agreement.

27. The Financing Agreement authorized a loan of up to $200,000 (later amended to increase the loan to $400,000) from Red Lion to Century-Omaha to finance the implementation of certain improvements to the Hotel, including the purchase of new televisions, beds, a coffee station, and Wi-Fi network equipment (the "Improvements").

28. The Financing Agreement also created a security interest in the Improvements in favor of Red Lion. Red Lion perfected its security interest in the Improvements by filing a financing statement with the Secretary of State for South Dakota on March 26, 2018.

COMPLAINT - 6

29. On October 31, 2016, as evidence of the loan, Century-Omaha executed and delivered to Red Lion a Promissory Note (as amended, the "Note") in the original principal amount of $200,000 later increased to $400,000 by an amendment dated March 2, 2017. The Note required Century-Omaha to pay. interest at a rate of two percent per annum and to make regular monthly payments

30. The Note made it clear that Century-Omaha would automatically default under the Note if it missed any payment. A default would result in all amounts payable under the Note becoming immediately due upon demand by Red Lion, with interest accruing from the date of default at a rate equal to the higher of 18 percent and the maximum per annum rate permissible under applicable law. The Note also required Century-Omaha to reimburse Red Lion for all attorney's fees incurred in connection with collecting or enforcing the Note.

### F.  Leslie's Personal Guarantee of the Hotel Improvement Financing and Security Agreement

31. On October 31, 2016, Red Lion and Leslie entered into a Guarantee of Financing and Security Agreement whereby Leslie personally guaranteed Century-Omaha's obligations under the Financing Agreement, the Franchise License Agreement, and the Note (the "Financing Agreement Guarantee").

32. The Financing Agreement Guarantee states that Leslie will be personally liable for full payment and performance of the Note should Century-Omaha become unable to perform its obligations.

33. The Financing Agreement Guarantee specifies that any enforcement action will be governed by the laws of the state of Washington and that Leslie

COMPLAINT - 7

agrees to submit to the jurisdiction of the federal and state courts in Spokane County, Washington. Leslie also waived any objection to venue. On February 28, 2017, Leslie reaffirmed his personal guarantee.

### G. Termination of the Franchise License Agreement and Default on the Note and Key Money Note

34. On December 12, 2017, Red Lion sent a letter to Century-Omaha and Leslie informing them that Century-Omaha was in default on both the Franchise License Agreement and the Note. The letter detailed Century-Omaha's failure to make any payments under either agreement and demanded that Century-Omaha cure its default by January 12, 2017. The letter also made clear that Leslie remained the guarantor of both agreements and would therefore be held personally liable for all obligations should Century-Omaha fail to cure its defaults.

35. Red Lion sent another letter on March 8, 2018 to Century-Omaha and Leslie terminating the Franchise License Agreement and accelerating all outstanding debts. Red Lion instructed Century-Omaha and Leslie to immediately de-identify the Hotel by removing all Red Lion Marks.

36. As of April 6, 2018, Century-Omaha was still using Red Lion's proprietary marks and was still holding the Hotel property out as a Red Lion franchise.

COMPLAINT - 8

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

# CLAIMS

### A. Count One: Federal Trademark and Service-Mark Infringement by Defendants Century-Omaha and Leslie

37. Since March 8, 2018, Century-Omaha has used Red Lion's proprietary marks without Red Lion's consent or approval in connection with the Hotel, and has represented to customers that the Hotel is approved by, sponsored by, licensed by, or otherwise connected with Red Lion.

38. Century-Omaha's actions are likely to have caused, and have caused, customers and members of the public to believe that the Hotel is a franchised Red Lion hotel and is connected with or operated under the aegis or approval of Red Lion, and that the guest services it offers are those of Red Lion or an authorized Red Lion franchisee.

39. These actions have been done with the full knowledge of Red Lion's exclusive right to use, and to license to others to use, Red Lion's Marks, and constitute willful, malicious, and fraudulent attempts to confuse and deceive customers into believing that the Century-Omaha hotel is sponsored by, approved by, licensed by, or otherwise connected with Red Lion.

40. By the acts complained of herein, Century-Omaha has unlawfully infringed Red Lion's Marks pursuant to 15 U.S.C. § 1114. Such acts have been committed with the intent and purpose of appropriating and diminishing the goodwill and reputation associated with the Red Lion Marks.

41. By reason of Century-Omaha's actions, Red Lion has been, and will continue to be, seriously and irreparably damaged unless Century-Omaha is

COMPLAINT - 9

preliminarily and permanently enjoined from using the Red Lion Marks. In addition, Century-Omaha has unlawfully profited, and Red Lion has been damaged, in amounts which have not yet been fully determined.

42. Century-Omaha has been unjustly enriched by its unauthorized usage of the Red Lion Marks, and Red Lion is entitled to damages, as well as reasonable attorney's fees and costs.

43. Under the FLA Guarantee and the Financing Guarantee, Leslie unconditionally guaranteed Century-Omaha's obligations to Red Lion under the Franchise License Agreement. Leslie is therefore liable for all obligations under this agreement.

**B.   Count Two: Breach of Franchise License Agreement, FLA Guarantee, and Financing Guarantee by Defendants Century-Omaha and Leslie**

44. Century-Omaha breached the Franchise License Agreement by failing to pay fees, costs, and other amounts payable under the agreement.

45. Red Lion properly terminated the Franchise License Agreement on March 8, 2018 due to Century-Omaha's failure to perform under the terms of the agreement.

46. Under the FLA Guarantee and the Financing Guarantee, Leslie unconditionally guaranteed Century-Omaha's obligations to Red Lion under the Franchise License Agreement. Leslie is therefore liable for all payments and obligations under this agreement.

COMPLAINT - 10

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

47. Neither Century-Omaha nor Leslie has paid Red Lion outstanding fees, costs, or interest accrued under the Franchise License Agreement.

48. Red Lion is entitled to recover all damages in such amounts as will be proven at trial, as well as its reasonable attorney's fees as provided for under both the Franchise License Agreement and the FLA Guarantee.

    **C.    Count Three: Breach of PIP Financing Agreement and PIP Promissory Note by Defendant Century-Omaha**

49. Century-Omaha breached the PIP Financing Agreement and PIP Promissory Note by failing to pay amounts due thereunder.

50. Red Lion is entitled to damages for breach of contract by Century-Omaha.

    **D.    Count Four: Breach of Financing Agreement, Note, and Financing Agreement Guarantee by Defendants Century-Omaha and Leslie**

51. Century-Omaha breached its obligations under the Note and the Financing Agreement.

52. Red Lion properly accelerated the debt under the Note on March 8, 2018.

53. Under the Financing Agreement Guarantee, Leslie unconditionally guaranteed Century-Omaha's obligations to Red Lion under the Financing Agreement and the Note. Leslie is therefore liable for all payments and obligations under these agreements.

54. Neither Century-Omaha nor Leslie has paid Red Lion the outstanding debt or interest accrued under these agreements. Red Lion is therefore entitled to

COMPLAINT - 11

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

recover all damages in such amounts as will be proven at trial, as well as its reasonable attorney's fees as provided for under the Financing Agreement, the Note, and the Financing Agreement Guarantee.

55.  Red Lion is also entitled to enforce its security interests in the Improvements by taking possession of the Improvements, selling them, and applying the proceeds to the obligations of Century-Omaha.

### E. Count Five: Breach of Key Money Promissory Note by Defendant Century-Omaha

56.  Red Lion terminated the Franchise License Agreement on March 8, 2018 due to Century-Omaha's failure to perform under the terms of the contract.

57.  Under the Key Money Note, upon termination of the Franchise License Agreement, Century-Omaha was required to pay Red Lion the principal balance plus interest.

58.  Century-Omaha has not paid any of the outstanding debt or interest accrued. Red Lion is therefore entitled to recover all damages in such amounts as will be proven at trial, as well as its reasonable attorney's fees as provided for under the Key Money Note.

### PRAYER FOR RELIEF

WHEREFORE, RED LION prays for relief as follows:

1.  Preliminary and permanent injunctive relief requiring Century-Omaha and Leslie to de-identify the Hotel and to otherwise comply with their post-termination obligations under the Franchise License Agreement and Leslie's guarantees of these obligations.

COMPLAINT - 12

2. An award of damages from Century-Omaha for all amounts due to Red Lion, in such amounts as are proven at trial, based on Century-Omaha's breach of the Franchise License Agreement, the Key Money Note, the PIP Financing Agreement, the PIP Promissory Note, the Financing Agreement, and the Note.

3. An award of damages from Leslie for all amounts due to Red Lion, in such amounts as are proven at trial, based on Leslie's breach of the FLA Guarantee and the Financing Agreement Guarantee.

4. An award of Red Lion's attorney's fees and costs, as provided for under the Franchise License Agreement, the Key Money Note, FLA Guarantee, Financing Agreement, Note, and Financing Agreement Guarantee.

5. Declaratory and injunctive relief to enforce Red Lion's security interests in the Improvements.

6. Any other relief as may be just and equitable.

COMPLAINT - 13

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

DATED this 20th day of April, 2018.

>
> Davis Wright Tremaine LLP
> Attorneys for Red Lion Hotels Franchising, Inc.
>
>
> By s/ Hugh McCullough
>     Hugh McCullough, WSBA No. 41453
>
> By s/ Jordan Clark
>     Jordan Clark, WSBA No. 49659
>
> 1201 Third Avenue, Suite 2200
> Seattle, WA 98101-3045
> 206.757.8189 (telephone)
> 206.757.7189 (fax)
> hughmccullough@dwt.com
> jordanclark@dwt.com

COMPLAINT - 14