UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RED LION HOTELS FRANCHISING, INC., <br><br> Plaintiff, <br><br> v. <br><br> CENTURY-OMAHA LAND, LLC., and EDWIN W. LESLIE, <br><br> Defendants. | NO: 2:18-CV-0131-TOR <br><br> ORDER GRANTING MOTION TO CONFIRM ARBITRATION AWARD AND ENTRY OF JUDGMENT |

BEFORE THE COURT is Plaintiff Red Lion Hotels Franchising, Inc.'s Motion for Order to Confirm Arbitration Award and Enter Judgment (ECF No. 34). The Motion was submitted for consideration without oral argument. Defendant Edwin. W. Leslie filed a Response (ECF No. 36) opposing the request. The Court has reviewed the briefing, the record, and files herein, and is fully informed. As discussed below, the Motion (ECF No. 34) is **granted**.

ORDER GRANTING MOTION TO CONFIRM ARBITRATION AWARD
AND ENTRY OF JUDGMENT ~ 1

## BACKGROUND

In short, Plaintiff Red Lion Hotels Franchising, Inc., and Defendants Century-Omaha Land, LLC, and Edwin W. Leslie entered into a franchise agreement and several related loan agreements. ECF No. 1 at 3-8, ¶¶ 8-33. According to Plaintiff, Defendants breached the agreements. ECF No. 1 at 10-12, ¶¶ 44-58. In turn, Plaintiff filed this suit on April 20, 2018, requesting damages for breach of contract and trademark infringement, *inter alia*. ECF No. 1 at 13.

On September 14, 2018, Red Lion commenced an arbitration with JAMS, styled *Red Lion Hotels Franchising, Inc. v. Leslie*, Case No. 1160022604. ECF No. 35-1. The Court subsequently entered default judgment against Defendant Century-Omaha on February 19, 2019. ECF No. 30. The JAMS arbitration action against Leslie concluded on May 31, 2019 with the arbitrator issuing an award in Red Lion's favor for an amount close to four million dollars. ECF No. 35-2. Plaintiff now seeks confirmation of the award and requests the Court enter final judgment, as the arbitration award resolves all remaining issues. ECF No. 34 at 1. This Motion is now before the Court.

## DISCUSSION

"To protect the overall purpose of arbitration and avoid any tendency of a court to impute its own strict and rigid practices onto arbitration proceedings, Congress has limited the ability of federal courts to review arbitration awards."

*Schoenduve Corp. v. Lucent Techs., Inc.*, 442 F.3d 727, 731 (9th Cir. 2006). Specifically, the Federal Arbitration Act, 9 U.S.C. § 9, provides that "at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected." *See id.* ("We must affirm an order to confirm an arbitration award unless it can be vacated, modified, or corrected as prescribed by the FAA.").

The Court sees no basis for vacating the award. Section 10 provides that a United States court may vacate an award in any of the following cases:

> **(1)** where the award was procured by corruption, fraud, or undue means;
> **(2)** where there was evident partiality or corruption in the arbitrators, or either of them;
> **(3)** where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
> **(4)** where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10; *see Schoenduve*, 442 F.3d at 731 ("A federal court may vacate an award if the arbitrator engages in misbehavior that prejudices a party, or if the arbitrator exceeds his powers in rendering such an award." (citing 9 U.S.C. § 10(a)(3)-(4))). "[A]rbitrators exceed their powers in this regard not when they merely interpret or apply the governing law incorrectly, but when the award is

completely irrational, or exhibits a manifest disregard of law." *Schoenduve*, 442 F.3d at 731 (brackets in original; quoting *Kyocera Corp. v. Prudential Bache Trade Services, Inc.,* 341 F.3d 987, 997 (9th Cir. 2003)). In other words, "[n]either erroneous legal conclusions nor unsubstantiated factual findings justify federal court review of an arbitral award under the statute, which is unambiguous in this regard." *Kyocera Corp.*, 341 F.3d at 994. Here, there is nothing to suggest any of the accepted grounds for vacating the award are present. Defendant asserts that the "Arbitrator failed to cite that his decision was made and decided in accordance with the Washington Fair Franchising Act." ECF No. 36 at 11. However, this does not fall under any of the above-identified bases for vacating the award; rather, the complaint is merely an (unexplained) allegation that the arbitrator reached an erroneous legal conclusion.

The Court also sees no basis for modifying or correcting the award. Section 11 provides that "the United States court in and for the district wherein the award was made may make an order modifying or correcting the award upon the application of any party to the arbitration" in the following cases:

> **(a)** Where there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award.
> **(b)** Where the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matter submitted.
> **(c)** Where the award is imperfect in matter of form not affecting the merits of the controversy.

ORDER GRANTING MOTION TO CONFIRM ARBITRATION AWARD AND ENTRY OF JUDGMENT ~ 4

9 U.S.C. § 11. The plain language of the statute demonstrates that an award may be modified or corrected *only* "upon the application of any party to the arbitration." *Id.*; *see* Thomas S. Meriwether, *Limiting Judicial Review of Arbitral Awards Under the Federal Arbitration Act: Striking the Right Balance*, 44 Hous. L. Rev. 739, 746 (2007) ("Section 11 provides equally narrow grounds for modifying or correcting an award, allowing the court to do so only upon the application of any party to the arbitration"). Defendant's complaint regarding the arbitrator's alleged failure noted above does not implicate any of the bases for modification or correction.

Seeing no basis for vacation, modification or correction, Red Lion is entitled to confirmation of the arbitration award against Defendant Leslie. The Court will enter final judgment given confirmation of the award resolves the remaining issues.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. The Stay entered at ECF No. 19 is hereby **LIFTED**.
2. Plaintiff Red Lion Hotels Franchising Inc.'s Motion to Confirm Arbitration Award and Enter Judgment (ECF No. 34) is **GRANTED**.
3. The Award issued on May 31, 2019 by the JAMS Dispute Resolution arbitrator in the matter of *Red Lion Hotels Franchising, Inc. v. Leslie*,

Case No. 1160022604 is **CONFIRMED**. Accordingly, Plaintiff is awarded:

    a. **$470,343.32** for breach of the Franchise License Agreement;

    b. **$1,825,000** in liquidated damages for breach of the Franchise License Agreement;

    c. **$269,874.82** for breach of the Financing Agreement;

    d. **$162,961.37** in pre-award interest on the principal balance under the Franchise License Agreement calculated to May 31, 2019;

    e. **$74,647.10** in pre-award interest on the principal balance under the Financing Agreement calculated to May 31, 2019;

    f. Post-award interest on $470,343.32, or any remaining principal balance under the Franchise License Agreement, at the rate of 18 percent per year from June 1, 2019;

    g. Post-award interest on $1,825,000 in liquidated damages for breach of the Franchise License Agreement at 12 percent per year from June 1, 2019

    h. Post-award interest on $269,874.82, or any remaining principal balance under the Financing Agreement at the rate of 18 percent per year from June 1, 2019;

i. **$102,958.00** in attorney fees, plus interest at the statutory rate of 12 percent per year from June 1, 2019;

j. **$10,837.21** in costs, plus interest at the statutory rate of 12 percent per year from June 1, 2019; and

k. **$9,339.58** for the cost of the arbitration administrative fee and the arbitrator's compensation, plus interest at the statutory rate of 12 percent per year from June 1, 2019.

The District Court Executive is hereby directed to enter this Order, enter Judgment, furnish copies to the parties, and close the file.

**DATED** August 6, 2019.



THOMAS O. RICE
Chief United States District Judge

ORDER GRANTING MOTION TO CONFIRM ARBITRATION AWARD AND ENTRY OF JUDGMENT ~ 7