UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RED LION HOTELS FRANCHISING, INC., <br><br> Plaintiff, <br><br> v. <br><br> CENTURY-OMAHA LAND, LLC., and EDWIN W. LESLIE, <br><br> Defendants. | NO: 2:18-CV-0131-TOR <br><br> ORDER DENYING DEFENDANT LESLIE'S MOTION TO RECONSIDER |

BEFORE THE COURT is Defendant Edwin W. Leslie's Motion to Reconsider (ECF No. 40). The Motion was submitted for consideration without a request for oral argument. The Court has reviewed the briefing, the record, and files herein, and is fully informed.

A motion for reconsideration of a judgment may be reviewed under either Federal Rule of Civil Procedure 59(e) (motion to alter or amend a judgment) or Rule 60(b) (relief from judgment). *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255,

ORDER DENYING DEFENDANT LESLIE'S
MOTION TO RECONSIDER ~ 1

1262 (9th Cir. 1993). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Id*. at 1263; *United Nat. Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 780 (9th Cir. 2009). "There may also be other, highly unusual, circumstances warranting reconsideration." *School Dist. No. 1J*, 5 F.3d at 1263.

Whether to grant a motion for reconsideration is within the sound discretion of the court. *Navajo Nation v. Confederated Tribes and Bands of the Yakima Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003). A district court does not abuse its discretion when it disregards legal arguments made for the first time on a motion to alter or amend a judgment. *United Nat. Ins. Co.*, 555 F.3d at 780 (quotation marks and citations omitted); *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) ("A Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation."). Reconsideration is also properly denied when the movant "present[s] no arguments . . . that had not already been raised" previously. *Taylor v. Knapp*, 871 F.2d 803, 805 (9th Cir. 1989).

Here, Defendant simply repeats his previous argument that the "Arbitrator failed to cite that his decision was made and decided in accordance with the

Washington Fair Franchising Act." Compare ECF No. 36 at 11 *with* ECF No. 40 at 10.

The Motion for Reconsideration is therefore **denied**. *Taylor v. Knapp*, 871 F.2d at 805 (reconsideration is properly denied when the movant "present[s] no arguments . . . that had not already been raised" previously).

**ACCORDINGLY, IT IS HEREBY ORDERED:**

Defendant Edwin W. Leslie's Motion for Reconsideration (ECF No. 40) is **DENIED**.

The District Court Executive is hereby directed to enter this Order, furnish copies to the parties. The file is to remain closed.

**DATED** August 27, 2019.

THOMAS O. RICE
Chief United States District Judge